IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ADVANCED AERODYNAMICS, LLC,**<br>*Plaintiff*<br><br>-vs-<br><br>**AMAZON.COM, INC.,**<br>*Defendant* | § § § § § § § § § | **6:22-CV-00228-ADA** |

### ORDER DENYING DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant Amazon.Com, Inc.'s ("Amazon") Rule 12(c) Motion for Judgment on the Pleadings filed on August 8, 2022. ECF No. 21. Plaintiff Advanced Aerodynamics, LLC ("AA") filed its Response on August 26, 2022. ECF No. 26. Amazon filed its Reply on September 7, 2022. ECF No. 28. Amazon asks this Court for a judgment on the pleadings, arguing that under the *Kessler* doctrine, AA's claims are exhausted. ECF No. 21 at 1. After considering the parties' briefs and the relevant law, the Court **DENIES** Defendant's Motion for the reasons discussed below.

### I.    BACKGROUND

On January 4, 2021, AA filed a complaint against Spin Master, Ltd. asserting patent infringement of U.S. Patent Nos. 8,528,854, 9,067,667, 9,216,808, 9,434,462, and 10,569,854 (collectively, the "Asserted Patents"). *Advanced Aerodynamics LLC v. Spin Master, Ltd.*, No. 6:21-cv-2-ADA) (W.D. Tex. Jan 4, 2021), ECF No. 1 at 1 [hereinafter *SML Litigation*]. Specifically, AA asserted that Spin Master, Ltd.'s AirHogs Atmosphere Axis, AirHogs Drone Power Racer, AirHogs Hyper Drift, AirHogs Hyper Stunt, AirHogs Roller Copter, AirHogs Star

1

Wars, and AirHogs Supernova products (collectively, the "Accused Products") infringed the Asserted Patents. *Id.* at 3−4.

Early in the litigation, Spin Master, Ltd. asserted that it did not sell the Accused Products in the United States. *SML Litigation*, ECF No. 17 at 1 ("[T]he primary alleged infringing activities, including selling the accused products in the United States, were actually conducted by an unnamed party—U.S. corporation Spin Master, Inc."). AA claims that after it became clear that Spin Master, Ltd. did not sell the Accused Products in the United States, it notified Spin Master, Ltd. that it would be dismissing the case. ECF No. 26 at 4−5. AA filed a motion to dismiss with prejudice on June 23, 2022. *SML Litigation*, ECF No. 95. The Court granted the motion to dismiss with prejudice on August 4, 2022. *SML Litigation*, ECF No. 96.

On February 25, 2022, AA filed the suit against Target Corporation. *Advanced Aerodynamics, LLC v. Target Corporation*, No. 6:22-cv-199-ADA (W.D. Tex. Feb. 25, 2022), ECF No. 1. On March 2, 2022, AA filed the present action against Amazon and another case against Walmart, Inc. ECF No. 1; *Advanced Aerodynamics, LLC v. Walmart, Inc.*, No. 6:22-cv-230-ADA (W.D. Tex. Mar. 2, 2022), ECF No. 1. The complaints in all three cases allege that the parties infringe the same Asserted Patents asserted against Spin Master, Ltd. ECF No. 1 at 1; *Advanced Aerodynamics, LLC v. Target Corporation*, No. 6:22-cv-199-ADA (W.D. Tex. Feb. 25, 2022), ECF No. 1 at 1; *Advanced Aerodynamics, LLC v. Walmart, Inc.*, No. 6:22-cv-230-ADA (W.D. Tex. Mar. 2, 2022), ECF No. 1 at 1. In its complaint against Amazon, AA alleges Amazon sells the same list of Accused Products as alleged in the *SML Litigation*. ECF No. 1 at 3; *SML Litigation*, ECF No. 1 at 3−4.

After answering AA's complaint, Amazon filed this Motion for Judgment on the Pleadings. ECF No. 21. Amazon argues that AA's patent infringement claims against Amazon are precluded

under the *Kessler* doctrine because AA's earlier action against Spin Master, Ltd. for the same infringing activities was dismissed with prejudice. *Id.* at 2.

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

The law of the regional circuit applies to a motion for judgment on the pleadings. *See Nat. Alts. Int'l, Inc. v. Creative Compounds, LLC*, 918 F.3d 1338, 1342 (Fed. Cir. 2019) (citing *Amdocs (Isr.) Ltd. v. Opennet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016)) ("We review a district court's Rule 12(c) dismissal for judgment on the pleadings under the law of the regional circuit."). Under Fifth Circuit law, a court evaluates a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, ... but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

      **B.**      **The *Kessler* Doctrine**

The *Kessler* doctrine prevents a patentee from reasserting previously litigated claims or issues against a defendant or its customers following a finding of non-infringement. *Kessler v. Eldred*, 206 U.S. 285, 289–90 (1907). The purpose of this doctrine is to "[allow] an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result." *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1376 (Fed. Cir. 2020) (quoting *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014)). Thus, a judgment of non-infringement grants "a limited trade right which is 'the right to have that which [a court has determined] it lawfully produces freely bought and sold without restraint or interference.'" *Brain Life*, 746 F.3d at 1057 (quoting *MGA, Inc. v. General Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987) (alteration in original)).

A patent infringement claim is precluded under the *Kessler* doctrine when (1) the defendant is an adjudged non-infringer and (2) "the earlier judgment held that 'essentially the same' accused activity did not infringe the patent." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1170 (Fed. Cir. 2018) (quoting *Brain Life*, 746 F.3d at 1057–58). It is the defendant's burden to prove these elements are satisfied. *See Tech. Licensing Corp. v. Thomson, Inc.*, 738 F. Supp. 2d 1096, 1102 (E.D. Cal. 2010); *AVM Techs., LLC v. Intel Corp.*, No. 15-33, 2017 U.S. Dist. LEXIS 65692, at *5 (D. Del. Apr. 28, 2017); *SKC Kolon PI v. Kaneka Corp.*, No. CV 16-05948, 2017 WL 3476995, at *3 (C.D. Cal. Mar. 13, 2017); *cf. Innovation Scis., LLC v. HTC Corp.*, No. 4:19-CV-00752, 2020 WL 2320056, at *2 (E.D. Tex. May 11, 2020).

4

### III. ANALYSIS

The Federal Circuit has outlined two requirements for the application of the *Kessler* doctrine: (1) the defendant must be an adjudged non-infringer and (2) the earlier judgment against the plaintiff must have held that the same activity did not infringe the patent. *SimpleAir*, 884 F.3d at 1170. Because Amazon fails to meet the burden of proving the first requirement, the Court's finds that the *Kessler* doctrine does not apply. The Court does not reach the second requirement.

#### A. Step 1: Amazon Is Not An Adjudged Non-Infringer.

The Court finds that Amazon has failed to show that it is an adjudged non-infringer as a result the earlier *SML Litigation*. Amazon claims that it is an adjudged non-infringer because it is a customer of Spin Master. ECF No. 21 at 5. Amazon focuses on the fact that during the *SML Litigation*, AA claimed that Spin Master, Ltd. sold the Accused Products to retailers, including Amazon. *Id.* at 6. Amazon argues that because AA dismissed its claims against Spin Master, Ltd. with prejudice, it cannot assert the same claims against Spin Master's customers, such as Amazon. *Id.* at 7. In response, AA argues that Amazon is not an adjudged non-infringer as a result of the *SML Litigation* because Amazon is not a customer of Spin Master, Ltd. ECF No. 28 at 1.

As an initial matter, the Court finds that there is an adjudged non-infringer as a result of the *SML Litigation*: Spin Master, Ltd. In *In re PersonalWeb Techs. LLC*, the Federal Circuit explained that the *Kessler* doctrine can apply where a patent infringement claim is dismissed with prejudice, even if the claim is not "actually litigated." 961 F.3d at 1379. Here, AA's claim against Spin Master, Ltd. was dismissed with prejudice. *SML Litigation*, ECF No. 96. Thus, under *PersonalWeb*, Spin Master, Ltd. is an adjudged non-infringer of the Asserted Patents.

The issue here is whether Amazon is also an adjudged non-infringer. The *Kessler* doctrine extends to customers of a seller who has previously prevailed against the patentee. *SpeedTrack,*

5

*Inc. v. Office Depot, Inc.*, 791 F.3d 1317, 1326 (Fed. Cir. 2015). The purpose of extending the *Kessler* doctrine is to "prevent patent owners from undermining adverse final judgments by relitigating infringement claims against customers who use the product at issue." *Id.* But for the *Kessler* doctrine to extend to a customer, there must be a seller-customer relationship between the adjudged non-infringer from the previous litigation and the customer-defendant in the present litigation. *See MGA, Inc.*, 827 F.2d at 734 ("The *Kessler* doctrine bars a patent infringement action against a **customer** of a **seller** who has previously prevailed against a patentee because of invalidity or noninfringement of the patent.") (emphasis added). In examining the caselaw, the Court has not found a case in which a court extended the *Kessler* doctrine to apply to a defendant who was not a customer of the adjudged non-infringer in the previous litigation.

Amazon has the burden to show that it is a customer of Spin Master, Ltd., the adjudged non-infringer of the previous litigation. *See Red Rock Analytics, LLC v. Apple Inc.*, No. 6:21-cv-00346-ADA, 2021 WL 5828368, *2 (W.D. Tex. Dec. 8, 2021) (explaining that the defendant has the burden to prove that the elements of the *Kessler* doctrine are satisfied). Amazon argues that because AA alleged in the complaint against Spin Master, Ltd. that Spin Master, Ltd. sold its products to retailers, including Amazon, the *Kessler* doctrine should apply. ECF No. 28 at 3. However, the Court disagrees with Amazon's analysis. Amazon cannot establish a seller-customer relationship between itself and Spin Master, Ltd. purely based on AA's allegations at the outset of the previous litigation. After AA made those allegations in the previous litigation, Spin Master, Ltd. claimed that it did not sell the Accused Products in the United States. *SML Litigation*, ECF No. 17 at 1. Spin Master, Ltd. claimed that Spin Master, Inc., not Spin Master, Ltd., sold the infringing products in the United States. *Id.* Thus, while AA's complaint in the previous litigation suggests that Amazon is a customer of Spin Master, Ltd., Spin Master, Ltd.'s statements during

the litigation suggest that Amazon is not a customer of Spin Master, Ltd. Because Spin Master, Ltd. later refuted AA's allegations that Spin Master, Ltd. sold the Accused Products to Amazon, AA's allegations alone are insufficient to show that Amazon is a customer of Spin Master, Ltd.

Amazon has made no other attempt to show that it is a customer of Spin Master, Ltd. Amazon did not claim in its Motion or its Reply that it is a customer of Spin Master, Ltd. Amazon merely claims that it is a customer of the manufacturer "Spin Master." ECF No. 21 at 5. But based on Spin Master, Ltd.'s statements in the previous litigation, Amazon is most likely a customer of Spin Master, Inc., not Spin Master, Ltd. Amazon has failed to show that it is a customer of the adjudged non-infringer from the previous litigation, Spin Master, Ltd. Because Amazon has failed to show that it is a customer of the adjudged non-infringer in the previous litigation, the Court concludes that Amazon has failed to meet its burden of showing that it itself is an adjudged non-infringer. As the first requirement of the *Kessler* doctrine is not met, the Court concludes that the doctrine does not apply in this case. The Court does not reach the second requirement of the *Kessler* doctrine.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** that Amazon's Motion for Judgment on the Pleadings is **DENIED**.

**SIGNED** this 28th day of October, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE